UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

GEORGE TERRANCE BESSER,        )
                               )
                    Plaintiff, )
v.                             )   No.: 16-cv-1058-JES
                               )
UNITED STATES OF AMERICA,      )
                               )
                    Defendant. )

## MERIT REVIEW ORDER

Plaintiff, a federal prisoner proceeding *pro se*, pursues a *Bivens* action for Eighth Amendment deliberate indifference to his serious medical needs, a Federal Tort Claims Act ("FTCA") claim for medical negligence and a claim that federal officials engaged in fraud and conspiracy which resulted in his being convicted of mail fraud.[1,2]  Plaintiff names the United States as the only Defendant.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1972).
[2] 28 U.S.C. § 2679 et seq.

1

Plaintiff alleges a long medical history for thyroid disease, carotid artery disease, stroke, difficulty walking, hearing loss and partial blindness. Plaintiff alleges that he was incarcerated at FCI-Ashland on June 6, 2012, when the Utilization Review Committee there approved surgery to correct carotid artery stenosis. Plaintiff claims that officials at FCI-Ashland, not implicated in this action, failed to schedule the surgery. On July 14, 2014, Plaintiff was transferred to FCI-Pekin and claims that the previously approved surgery still has not been provided. Plaintiff grieved the issue and the tort claim was apparently denied on August 14, 2015. Plaintiff alleges that in addition to denying him surgery, officials at FCI-Pekin decreased the dosage of his long-term thyroid medicine, causing him to experience at least three seizures.

Plaintiff also claims that Federal Bureau of Investigations agent, David Hardy, and unnamed agents of the Office of U. S. Attorney and U.S. Department of Justice engaged in corruption and bribery, resulting in his being wrongfully convicted of mail fraud. Plaintiff does not, however, allege that this conviction has been overturned or otherwise invalidated. *Heck v. Humphrey,* 512 U.S. 477 (1994)(plaintiff may not pursue a § 1983 claim for damages unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated.") *Id*. 487. *See Figueroa v. U.S*., 596 Fed.Appx. 513, 515 (7th Cir. 2015) (applying *Heck* to *Bivens* claims).

"The rule of *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit. To this end, *Heck* bars a plaintiff from maintaining a § 1983 action in situations where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence...'" *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). In this case, Plaintiff claims that his conviction for mail fraud was based on the corruption and bribery of federal officials. A finding that these officials engaged in the alleged

conduct would, necessarily, imply the invalidity of his conviction. Consequently, he is *Heck*-barred from proceeding on the corruption and bribery claim.

Plaintiff also attempts to assert claim against the US Marshal's Service. He alleges that the Marshal's Service was deliberately indifferent to him on July 14, 2014, during his transfer to FCI-Pekin. He was transferred by plane and claims that he was left to walk unaided down the steps of the plane while shackled and handcuffed. Plaintiff fell onto the tarmac, injuring his back and hip. This claim, however, is unrelated to the *Bivens* claims asserted against FCI-Pekin staff and seeks to join unrelated defendants, agents of the U.S. Marshal's Service. Plaintiff may not join unrelated claims in one action. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." ("To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ. P. 20(a)(1)(A); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

The deliberate indifference claim against the US Marshals Service will be severed. The clerk is to open a new case and file a copy of this complaint in that case. Plaintiff will have 30 days thereafter in which to amend his complaint to allege the deliberate indifference claim against the US Marshals Service, without reference to the unrelated claims in this complaint. The severed case is to be given a new case number and assigned in the normal course. If Plaintiff wishes to proceed *in forma pauperis* in the severed case, he must file a separate petition. If Plaintiff does not wish to proceed on the severed case and incur the additional filing fee, he may dismiss the new case within 30 days and avoid the filing fee.

At this juncture, Plaintiff states a *Bivens* claim for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Under *Bivens*, however, Plaintiff is required to name those individuals liable for the infringement. Plaintiff cannot proceed against the United States in a *Bivens* action but must identify the persons directly responsible for his constitutional injury. Here, Plaintiff does not identify any individual by name so the Clerk cannot send waivers of service. The Court will add the FCI-Pekin Medical Director as a Defendant. *Donald v Cook Co. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996) (allowing the Court to proceed against high-level administrators where Plaintiff does not identify defendants by name). If this is not Plaintiff's wish, or if he seeks to identify other defendants, he may do so without leave of court within 21 days after Defendant filing an answer or responsive pleading. After that, he must to seek leave to file an amended complaint, attaching a copy of the proposed amendment.

Plaintiff also pursues an FTCA claim for medical negligence. For purposes of an FTCA claims, federal courts apply the tort law of the state in which the claim arose. In this case, the Court is to apply the Illinois Healing Arts malpractice statute.[3] *See Gipson v. U.S.*, 631 F.3d 448, 450-51 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); *Murrey v. U.S.*, 73 F.3d 1448,1453 (7th Cir. 1996). Under the the Illinois medical malpractice statute a Plaintiff must file with his complaint an affidavit and the written report of a health care professional, a "certificate of merit," attesting that there is a "reasonable and meritorious cause" for the claim. 735 ILCS 5/2-622(a). Failure to file a certificate of merit mandates dismissal of the complaint. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

Plaintiff's FTCA claim is dismissed for lack of the affidavit and certificate of merit, but Plaintiff will be given 90 days in which to file an Amended Complaint repleading his *Bivens*

---

[3] 735 ILCS §5/2-622.

and FTCA claims and attaching the affidavit and certificate of merit. *Figueroa v. U.S.*, 596 Fed.Appx. 513, 515 (7th Cir. 2015). The United States is a proper Defendant in an FTCA claim as the government is liable for the negligent acts or omissions of its employees acting within the scope of their office or employment. 28 U.S.C. §2679(b)(1); (d)(2). The United States is dismissed, subject to being reinstated if Plaintiff files an amended complaint.

At this point, this case shall proceed solely on Eighth Amendment deliberate indifference claim against the FCI-Pekin Defendant Medical Director. The Court hereby dismisses the FTCA claim, with leave to replead within 90 days. The Court severs Plaintiff's claim against the U.S. Marshal's Service with instructions to the Clerk. Plaintiff's claims against FBI agent Hardy and unnamed agents of the Office of U. SS Attorney and U.S. Department of Justice are DISMISSED as *Heck*-barred.

**IT IS THEREFORE ORDERED:**

1.    This case shall proceed solely on the on Eighth Amendment deliberate indifference claim identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Dr. Scott Moats, the FCI-Pekin Medical Director is to be added as a Defendant. The United States is DISMISSED.

2.    Plaintiff's FTCA claim of medical malpractice is DISMISSED with leave to replead within 90 days. If Plaintiff chooses to replead this claim, he is to file an amended complaint with an attached affidavit and certificate of merit. Failure to file an amended complaint within 90 days will result in the dismissal of this claim, without prejudice. Plaintiff's amended complaint must replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments

are not accepted.

3. The deliberate indifference claim against the US Marshals Service will be severed. The clerk is directed to open a second case and file a copy of this complaint in that case. Plaintiff will have 30 days thereafter in which to amend his complaint to allege the deliberate indifference claim against the US Marshals Service, without reference to the claims in this complaint. The severed case is to be given a new case number and assigned in the normal course. If Plaintiff wishes to proceed *in forma pauperis* in the severed case, he must file a separate petition. If Plaintiff does not wish to proceed on the severed case and incur the additional filing fee, he may dismiss the new case within 30 days and avoid the filing fee.

4. The Clerk is directed to send to the Defendant, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


   6/27/2016                                                          s/James E. Shadid
ENTERED                                                          JAMES E. SHADID
                                                                 UNITED STATES DISTRICT JUDGE