UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE TERRANCE BESSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-1058 |
| ) | |
| DR. SCOTT MOATS, ) | |
| ) | |
| Defendant. ) | |

# ORDER AND OPINION

This matter is now before the Court on Plaintiff George Besser's Motion [13] for Leave to Amend Complaint and Defendant Scott Moats's Motion [15] to Dismiss or in the Alternative for Summary Judgment. For the reasons set forth below, Plaintiff's Motion [13] is DENIED and Defendant's Motion [15] is GRANTED.

## BACKGROUND

On February 16, 2016, Plaintiff George Besser filed a Complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671. Besser is a 78-year-old male currently incarcerated at FCI Pekin. On June 6, 2012, while Besser was incarcerated at FCI-Ashland, he received approval from the Utilization Review Committee for surgery to correct carotid artery stenosis. On July 2, 2012, Dr. Abul-Khoudoud examined Besser and determined that Besser should continue his prescription for aspirin and recommended that a "CTA" ("Computed Tomography Angiogram") be performed on the aortic arch and bilaterally on the carotid arteries. On July 14, 2014, Besser was transferred to FCI Pekin. In his Complaint, Besser asserts that the previously approved surgery has been withheld from him. Besser also alleges that he injured his hip and back after he fell down steps on the tarmac during transport to FCI Pekin, and Dr. Moats refused to x-ray his hip and back. Finally, Besser alleges that Dr. Moats decreased

1

the dosage of his long-term thyroid medicine, causing him to experience seizures and other side effects. Doc. 1.

On June 27, 2016, the Court entered a Merit Review Order. That Order provided that: (1) the case would proceed solely on the Eighth Amendment deliberate indifference claim, and claims not identified would not be included in the case; (2) FCI Pekin Medical Director Moats would be added as a Defendant; (3) the United States would be dismissed; (4) the FTCA claim for medical malpractice would be dismissed with leave to replead if plaintiff attaches an affidavit and certificate of merit; (5) the deliberate indifference claim against the United States Marshals would be severed. Doc. 5.

On September 28, 2016, Plaintiff filed a Motion for Leave to File Amended Complaint. Therein, Besser repeats the allegations from his original Complaint. Besser also attempts to add as defendants FCI Pekin, Mr. Schumm, a nurse at FCI Pekin's medical center, and Dr. Terry Meriden. Besser's proposed amendment to his Complaint adds an additional allegation that Defendants failed to treat the loss of vision in his left eye. Doc 13.

On October 21, 2016, Defendant filed a Motion to Dismiss or in the Alternative for Summary Judgment. Defendant's Motion argues that Besser failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)a because Besser never filed any administrative complaint regarding his medical care at FCI Pekin. Additionally, Defendant asserts that Besser's claims relating to his vascular condition are identical to his claims in a prior lawsuit, which was dismissed in a comprehensive merit review order. Docs. 15, 16.

On October 31, 2016, Besser moved for an extension of time to respond to Defendant's Motion. Doc. 19. The Court granted Besser's Motion and extended the time to respond until

November 21, 2016, but noted that Plaintiff's proposed amendment to the Complaint had not yet been allowed. From January through March 2017, Besser filed three requests to stay proceedings (discovery had already been stayed) while he attempted to find legal counsel. Docs. 21, 22, 24. Plaintiff never submitted a response to Defendant's Motion.

## LEGAL STANDARD

Summary judgment is appropriate where the movant shows, through "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In resolving a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

In order to withstand a motion for summary judgment, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When presented with a motion for summary judgment, the Court must construe the record "in the light most favorable to the nonmovant and avoid[] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). If the evidence, however, is "merely colorable, or is not significantly probative or merely raises 'some metaphysical doubt as the material facts,' summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50. Thus, in order to overcome the undisputed facts set forth in a defendants' motion for summary judgment, a plaintiff cannot rest on the allegations in his complaint but must point to affidavits, depositions or other evidence of an admissible sort

that a genuine dispute of material fact exists between parties. Fed. R. Civ. P. 56(e)(2); *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

## ANALYSIS

The Prisoner Litigation Reform Act ("PLRA") requires inmates who file lawsuits with respect to prison conditions to first exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is an affirmative defense. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Besser has not provided copies of any administrative complaints filed while incarcerated at FCI Pekin, nor has he alleged that he attempted to do so, or that administrative remedies were unavailable to him. Defendant's Motion asserts that Besser has failed to exhaust his administrative remedies, and has supported that assertion with the declaration of Heather MaCconnell. Attached to the MacConnell declaration are records indicating that Besser has filed seven administrative complaints while in the custody of the BOP, and each of the seven complaints were filed while he was incarcerated at FCI Ashland, Kentucky. Doc. 16-2. The MaCconnell declaration further states that Besser has not filed any administrative complaints relating to the conditions of confinement at FCI Pekin.

Despite Besser requesting, and the Court granting, an extension of time to respond to Defendant's Motion, Besser has failed to file his response to Defendant's Motion, which has now been pending for nine months. Where the nonmovant fails to properly address the movant's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the Court may consider

the fact undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2). Likewise, if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to it, the Court may grant summary judgment in the movant's favor. Fed. R. Civ. P. 56(e)(3). Here, Defendant has shown that Besser failed to exhaust his administrative remedies, and has supported that assertion with the MacConnell declaration and BOP records. Doc. 16-2. The only remaining issue to consider is Besser's assertion that he is unable to competently prosecute his case because of his medical issues. See, e.g., Doc. 9. Yet Besser's filings throughout this case and his prior case in Kentucky indicate that he is familiar with the administrative complaint process and more than capable of adequately presenting his case. See *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983); *Besser v. Sepanek*, CIV. 0:15-13-HRW, 2015 WL 4506958, at *8 (E.D. Ky. July 23, 2015).

For the sake of completeness, the Court will briefly remark on Besser's prior litigation. In *Besser v. Sepanek*, Plaintiff brought many of the same allegations presented here. In a 27-page Merit Review order dismissing the case, Judge Wilholt, Jr. addressed Besser's two main complaints. First, as to his alleged need for vascular surgery, Judge Wilholt explained that Besser misunderstood the doctor's examination notes, recommending a "CTA" procedure, as a recommendation for surgery. *Besser v. Sepanek*, 2015 WL 4506958, at *8 ("In sum, a CTA is not a surgical procedure as Besser asserts, but is a specialized kind of x-ray used to assess the health of the blood vessels to determine what treatment options, of which surgery is but one, are indicated."). Second, Judge Wilholt found that Besser's complaints regarding the dosage of his thyroid medication were time barred. *Id*. at *11. ("The last time Besser alleges he expressed his disagreement with the levothyroxine dosage or the method of blood testing used to determine it was February 11, 2014. Because Besser did not file suit until more than one year after that date

on March 2, 2015, all such complaints regarding his prescription dosage within the scope of the factual allegations Besser actually sets forth in his complaint are time-barred.").

What remains is Besser's Motion for Leave to File an Amended Complaint. Recall that Besser's proposed amendment repeated the allegations from his original Complaint, and attempted to add as defendants FCI Pekin, Nurse Schumm, and Dr. Terry Meriden. It further contined an additional allegation that Defendants failed to treat the loss of vision in his left eye. Doc. 13. However, the Court's Merit Review Order limited Besser to his Eighth Amendment deliberate indifference claim against Defendant Moats, and expressly stated that "[a]ny claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15." Doc. 5, at 5. Besser failed to comply with that directive, he has not shown good cause for doing so, and he has failed to respond to Defendant's Motion. Moreover, because Besser has not provided (or even alleged) that he has exhausted his administrative remedies with respect to these claims or defendants, the proposed amendment would be futile.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Motion for Leave to File is DENIED.

(2) Defendant Moats is entitled to summary judgment in his favor.

(3) The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff. This case is terminated, with the parties to bear their own costs.

(4) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); See

also *Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v OBrien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion [13] is DENIED and Defendant's Motion [15] is GRANTED.

This matter is now terminated.

Signed on this 4th day of August, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge